UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEFRANCESCH FAMILY PARTNERSHIP, LLC | CIVIL ACTION |
| VERSUS | NO: 22-3527 |
| NATIONWIDE MUTUAL INSURANCE COMPANY | SECTION: "A" (1) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Remand (Rec. Doc. 19)** filed by the plaintiff, Defrancesch Family Partnership, LLC (hereinafter "Defrancesch"). The defendant, Nationwide Mutual Insurance Company (hereinafter "Nationwide"), opposes the motion. The motion, submitted for consideration on November 9, 2022, is before the Court on the briefs without oral argument. For the following reasons, the motion to remand is **GRANTED**.[1]

### I. BACKGROUND

Defrancesch filed this lawsuit against Nationwide in state court alleging damages sustained as a result of Hurricane Ida, which made landfall on or about August 29, 2021. Defrancesch alleges that its immovable property located in the Parish of St. John the Baptist sustained extensive property damage, the full extent of which was not known at the time of filing. The Defrancesch petition lists a total of 31 properties, all owned by the Defrancesch limited liability company, that allegedly sustained storm damage,

---

[1] Nationwide's motion to dismiss is also pending but given the lack of subject matter over this case the issues raised in the motion are moot.

including damage to contents.[2] (Rec. Doc. 1-1, Petition ¶ III). Nationwide issued a policy covering the listed premises and the contents located at the properties. (*Id.* ¶ IV).

Defrancesch alleges that notwithstanding satisfactory proof of loss to the insurer, Nationwide did not properly engage in adequate and proper loss adjustment of Defrancesch's claims in violation of both its insurance contract and Louisiana law, specifically La. R.S. §§ 22:1973 and 22:1892,[3] which allow for an award of penalties,

---

[2] Although the opposition refers to 32 properties the petition lists only 31 properties.

[3] Louisiana Revised Statute **§ 22:1973** states in relevant part:

> An insurer . . . owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
>
> In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.

La. R.S. § 22:1973(A), (C).

Louisiana Revised Statute **§ 22:1892** states in relevant part:

> All insurers issuing any type of contract . . . shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.
>
> [Subject to exceptions not relevant here], failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim . . . shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs.

damages, and reasonable attorney fees.[4]

Nationwide removed the suit alleging jurisdiction under 28 U.S.C. § 1332(a)(1) (diversity jurisdiction), which requires complete diversity of the parties and an amount in controversy that exceeds $75,000.00, exclusive of interest and costs. Defrancesch now moves to remand the case to state court arguing that Nationwide has established neither that the amount in controversy is satisfied nor that complete diversity of citizenship exists.

**II.   DISCUSSION**

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. *In re North American Phillips Corp.*, 1991 WL 40259, at 2 (5th Cir. 1991). In a removal case, the removing party bears the burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law. *Id.* Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)

---

La. R.S. § 22:1892(A), (B)(1)(a). The minimum penalty rises as does the minimum attorney fee and cost award in the case of a presidentially or gubernatorially declared disaster. *Id.* § (B)(1)(b).
   Even though both statutes include a penalty provision, a plaintiff can only recover damages under one of the statutes, whichever one results in the greater amount. *French v. Allstate Indem. Co.*, 637 F.3d 571, 584 n.12 (5th Cir. 2011) (citing *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 297 (5th Cir. 2009)).
   Although La. R.S. § 22:1892 has been amended since the plaintiff's claim first arose, those amendments are not pertinent to this case.

[4] Defrancesch has pleaded a claim for mental anguish but under Louisiana law a business entity cannot recover mental anguish damages. *Levy v. Hard Rock Constr. of La, LLC*, 312 So. 3d 641, 645 (La. App. 4th Cir. 2020).

(citing *Willy v. Coastal Corp.*, 855 F. 2d 1160, 1164 (5th Cir. 1998)). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna,* 200 F.3d at 339).

In *Luckett v. Delta Airlines*, *Inc.*, the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed. 171 F. 3d 295, 298 (5th Cir. 1999) (citing La. Code of Civ. Pro. art. 893(A)(1)). In such cases, the removing defendant, as the party invoking the federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *Id.* (citing *De Aguilar v. Boeing Co.*, 11 F. 3d 55, 58 (5th Cir. 1993)). The defendant can meet this burden in one of two ways: (1) by establishing that it is "facially apparent" that the claims are likely to exceed $75,000.00, or (2) by setting forth the facts in controversy that support a finding of the requisite amount. *Id.*

The Court is not persuaded that it is facially apparent from the petition that the amount in controversy exceeds $75,000.00. That the petition lists 31 properties and recites the elements of recovery typical to any property claim is insufficient in and of itself without more to establish an amount in controversy in excess of $75,000.00. In fact, Nationwide's facially apparent argument is premised almost entirely on information extraneous to the petition. (Rec. Doc. 1, Notice of Removal ¶ 10; Rec. Doc. 21, Opposition at 4).

Of course, the Court's jurisdictional analysis is not limited to the petition for

damages because Nationwide is allowed to set forth facts in controversy to demonstrate that the amount in controversy exceeds $75,000.00. So in addition to the fact that the petition lists 31 properties, Nationwide advises that those properties have varying building limits ranging from $40,000.00 to $750,000.00.

But policy limits do not determine the amount in controversy because the jurisdictional amount is measured by the value of the underlying claim, not the face amount of the policy. *Davis v. Hartford Ins.*, No. 09-1593, 2009 WL 1969366, at *3 (E.D. La. July 2, 2009) (citing *Hartford Ins. Group v. Lou–Con Inc.,* 293 F.3d 908, 911 (5th Cir.2002)). Defrancesch had not presented any additional costs or repair invoices for the properties as of the date when Nationwide removed the case. Therefore, the policy limits that Nationwide cites do not help in meeting its burden. Further, Nationwide's observation that Defrancesch need only demand an additional $2,343.75 on each property to meet the jurisdictional threshold cannot form the basis of subject matter jurisdiction because it is sheer speculation.

Another fact outside of the pleadings that Nationwide points to is that at the time of removal Nationwide had already paid $1,796,432.28 to Defrancesch on its claims. And after receipt of the $1,796,432.28, in a pre-lawsuit email, Defrancesch "reserve[d] all rights to pursue additional funds for damages to the properties." (Rec. Doc. 1-4, Exhibit D, email dated 12/7/21).

This reservation of rights statement by Defrancesch is not remarkable because Defrancesch obviously filed this lawsuit seeking something beyond the proceeds already paid out. But as to the $1,796,432.28 already paid out, Nationwide argues that this not insignificant amount coupled with the fact that Defrancesch has pleaded a claim

for penalties and damages under La. R.S. §§ 22:1973 and 1892 alone establishes an amount in controversy that far exceeds $75,000.00.[5]

Nationwide's argument grounding a potential penalty/damage calculation on the proceeds already paid out is fatally flawed in that it ignores that any penalties/damages recoverable under the Insurance Code cannot be based on amounts that were timely paid to the insured. *French*, 637 F.3d at 588 (citing *La. Bag Co. v. Audubon Indem. Co.*, 999 So. 2d 1104, 1122 (La. 2008)). Thus, if the $1,796,432.28 was timely paid then it will bear no relationship to the claim for penalties and attorney fees. The Court notes that nothing in petition or the record alludes to a violation of La. R.S. §§ 22:1973 and 1892 with respect to the pre-lawsuit amounts that were paid by December 7, 2021, which was less than four months after the damage was sustained. The record does not suggest when Nationwide received satisfactory proof of loss with respect to those amounts and therefore no inference can be made that the amount in controversy implicates a penalty as to the $1,796,432.28 already paid. The Defrancesch email that acknowledged receipt of the pre-lawsuit payments is not enlightening as to that point. (Rec. Doc. 1-4, Exhibit D, email dated 12/7/21).

In sum, Nationwide has not established by a preponderance of the evidence that the amount in controversy is satisfied. Because the Court has determined that the amount in controversy is not satisfied and that the case must be remanded on that basis, the issue of complete diversity is moot.

Accordingly, and for the foregoing reasons;

---

[5] The petition does not include a demand for attorney fees.

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 19)** filed by the plaintiff, Defrancesch Family Partnership, LLC, should be and is **GRANTED**. This matter is **REMANDED** to the state court from which it was removed for lack of subject matter jurisdiction.

April 17, 2023

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE